WILLIAM HESSE & LEONARD YOUNG vs. THEODORE KIMM.

An officer having charge of property attached must be allowed such compensation, for his trouble and expenses, in keeping the same, as may be reasonable and just; but it is a matter appealing to the sound discretion of the court whose officer he is; and, unless there is gross abuse of such discretion, it will not be disturbed.

## ERROR to St. Louis Circuit Court.

Todd & Krum, for defendants in error.

1. The court below in this proceeding acted under the provision contained in sec. 60 of art. 1, of the "act to provide for the recovery of debts by attachment." Revi. Code, p. 145.

That section leaves the matter wholly to the judgment of the court. The sheriff is not to have whatever he may charge for his trouble nor be allowed any expenses he may be at, but only such as shall seem to the court reasonable and just. The judgment of the court below in the premises, is discretionary and not therefore reviewable by this court. It is therefore exclusive, it is insisted, and therefore not subject to an appeal or writ of error.

2. The question before the court below was one of fact and there was evidence on both sides and somewhat conflicting and no point of law was raised by instruction or otherwise. This court will not interfere or attempt to revise the discretion exercised by the court below

Ryland, J., delivered the opinion of the court.

In this case a motion was made by Kimm in the court below to reform the taxation of the costs in the suit.

It appears that plaintiff below had sued defendants in an action of assumpsit and had a large amount of goods attached, that the goods were attached by the sheriff of Linn county in this State, and were stored by the sheriff and remained in store for a long time, about three years.

That the sheriff of Linn had to rent a house to save and store the goods in, until the final order of the court upon this subject.

The fee bill for the sheriff, Wharton R. Barton, amounted to $247 60; after Barton's death John G. Flournoy was appointed sheriff in his place, and his fee bill amounted to the sum of $202 95.

Execution for costs issued against the plaintiff below, and owing to the absence of the Judge of the circuit court at the return term of the execution, the plaintiff paid the costs, the full amount of the fees claimed by Barton and Flournoy as sheriffs, to the sheriff of St. Louis upon said execution; without making any motion to re-tax—requesting the sheriff of St. Louis not to pay over to Barton and Flournoy the amount

ot the costs claimed by them, but to retain the same, until he could move the court to re-tax the costs in the suit.

The court heard his motion, and also the testimony of both parties upon this motion, and then sustained the motion, so far as to direct a deduction of one fourth of the amount claimed by sheriff Barton, and one third of the amount claimed by sheriff Flournoy; and directed the sheriff Labeaume of St. Louis county to pay over to plaintiff, the amount thus deducted.

The defendants excepted to this action of the court below and bring the case here by writ of error.

This was a matter appealing to the sound discretion of the court below. "That court shall allow to the officer having charge of the property attached, such compensation for his trouble and expenses in keeping the same, as shall be reasonable and just." See Revi. Code 1845, p. 145, sec. 60, art. 1—attachment.

No instruction raising any point in law in this matter was asked of the court below, and where there was testimony on both sides, this court will not interfere with the discretion of the lower court, unless a gross abuse of such discretion appear. We cannot say that the court below abused its discretion in the matter.

The fee bills appear very high; that is, the sums are large, but there was a reason for this, and we think the proof might have sustained the charge. However this was peculiarly for the court below to deter-- mine—that court has done so, and has cut down these bills. Be it so; we will not disturb its judgment. It is therefore affirmed.